T.C. Summary Opinion 2003-23


UNITED STATES TAX COURT


DAVID M. MARX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10463-01S.          Filed March 19, 2003.


David M. Marx, pro se.

<u>Guy H. Glaser</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency in petitioner's Federal

income tax for 1999 of $439.45.  The sole issue for decision is whether petitioner is subject to the alternative minimum tax (AMT).

Some of the facts in this case have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time the petition was filed, petitioner lived in Los Angeles, California.

During 1999, petitioner was employed by Sun Microsystems, Inc., as a programmer.  On his timely filed Form 1040, U.S. Individual Income Tax Return for 1999, petitioner reported the following items of income:

| Line | | Amount |
|------|------|--------|
| 7 | Wages | $117,515.82 |
| 8a | Taxable interest | 3,501.76 |
| 9 | Ordinary dividends | 1,273.40 |
| 13 | Capital gain | 893,468.96 |
| 22 | Total income | $1,015,759.94 |
| 33 | Adjusted gross income | $1,015,759.94 |

In preparing his 1999 tax return, petitioner correctly claimed no deduction for a personal exemption because the exemption amount was completely phased out pursuant to section 151(d).  In further preparing his return, petitioner determined that he incurred the following amounts for taxes paid during 1999 that qualified as itemized deductions pursuant to section 164(a):

| | |
|------|------|
| State and local income taxes | $9,153.10 |
| Personal property taxes | 97.00 |
| Total itemized deductions | $9,250.10 |

Since petitioner's adjusted gross income for 1999 exceeded

$126,600, he calculated the section 68 limitation on his otherwise allowable itemized deductions and determined he was required to reduce his total itemized deductions by $7,400.08. Thus, petitioner's total itemized deductions were limited to $1,850.02. Accordingly, petitioner decided to deduct the section 63(c) standard deduction for a single individual in the amount of $4,300 in lieu of electing to deduct the lesser limited itemized deduction amount of $1,850.02. Petitioner then computed his 1999 taxable income and income tax liability using the maximum capital gains rate method as follows:

| | |
|---|---|
| Adjusted gross income | $1,015,759.94 |
| Less: Standard deduction | 4,300.00 |
| Taxable income | $1,011,459.94 |
| | |
| Total tax (sec. 1(c), (h)) | $210,049.99 |

Because petitioner claimed the standard deduction, he was not required to file Schedule A, Itemized Deductions. However, petitioner filed a blank Schedule A with his income tax return, reporting absolutely no information or deductions on the form. Further, petitioner did not report any AMT on his 1999 Form 1040, nor did he include Form 6251, Alternative Minimum Tax-- Individuals, with his return.

After receiving petitioner's income tax return, respondent sent petitioner correspondence informing petitioner that Form 6251 was required to process the return accurately. Respondent requested that petitioner file a Form 6251 timely. Thereafter,

petitioner completed the Form 6251 and submitted a copy to respondent.

In computing his alternative minimum taxable income (AMTI) on Form 6251, petitioner made the following three adjustments: (1) He increased the AMTI amount by the $9,250.10 of taxes paid during the year; (2) he increased the AMTI amount by $578.08 for tax-exempt interest from private activity bonds issued after August 7, 1986; and (3) he decreased the AMTI amount by the $7,400.08 that represents the amount by which his otherwise allowable itemized deductions would have been limited had he elected to itemize his deductions for regular tax purposes. Petitioner made no adjustment to his AMTI for the $4,300 standard deduction he actually deducted on Form 1040. On the basis of his above adjustments in arriving at AMTI, petitioner determined that he owed no AMT for 1999.

Upon reviewing petitioner's Form 6251, respondent disallowed petitioner's adjustments to AMTI for the itemized deductions that were not used in computing regular taxable income. Respondent's position is that taxpayers who claim the standard deduction for regular tax purposes may not use itemized deductions for AMT purposes.

Respondent recomputed petitioner's AMTI by making an increasing adjustment for the $4,300 standard deduction claimed on petitioner's Form 1040. Respondent made no corresponding

adjustment to AMTI for the $578.08 of tax-exempt interest from private utility bonds that petitioner reported on his Form 6251. The record is devoid of an explanation why the tax-exempt interest was not included in respondent's computation. On the basis of the above adjustments, respondent determined in the notice of deficiency that petitioner was subject to $439.45 of AMT for 1999.

The AMT provisions of the Internal Revenue Code (Code), sections 55-59, were enacted to establish a floor for tax liability, so that a taxpayer will pay some tax regardless of the exclusions, deductions, and credits otherwise available to him under the regular income tax statutes. See S. Rept. 99-313, at 518 (1986), 1986-3 C.B. (Vol. 3) 1, 518. The AMT provisions accomplish this goal by eliminating favorable treatment given to certain items for purposes of the regular income tax. See secs. 55(b)(2), 56, 57, and 58.

Pursuant to section 55(a), the AMT is applicable only if, and to the extent that, the "tentative minimum tax" exceeds the taxpayer's "regular tax".[1] The starting point in computing the AMT liability is determining the AMTI, which equals the taxpayer's taxable income for the year with the adjustments provided in sections 56 and 58 and increased by the amount of tax

---

[1] For petitioner, "the term 'regular tax' means the regular tax liability for the taxable year (as defined in sec. 26(b))." Sec. 55(c)(1).

preference items set forth in section 57.  To determine the taxable amount of AMTI, the AMTI is reduced by an exemption amount, which for a single taxpayer is $33,750, subject to a gradual phaseout of the exemption amount as AMTI exceeds $112,500.  See sec. 55(d)(1), (3).  The applicable AMT rates are then applied to the AMTI, as reduced by the exemption amount, to determine the tentative minimum tax (TMT).  See sec. 55(b).  If the taxpayer reports capital gains on Form 1040, the TMT is the lesser of (1) the amount of AMT determined without regard for section 55(b)(3), or (2) the amount of AMT determined applying the maximum rate of tax on net capital gains, pursuant to section 55(b)(3).  The taxpayer's regular income tax amount is then compared to the TMT.  If the TMT is greater than the regular income tax, the difference is added to the regular tax amount to determine the final tax liability for the taxable year.  See sec. 55(a).

Petitioner does not dispute that he is subject to the AMT; he simply argues that he has no AMT liability.  Petitioner bases his argument on his belief that the Code allows him to claim the standard deduction for regular tax purposes and use his otherwise allowable itemized deductions to compute his AMTI for AMT purposes.  Specifically, petitioner asserts that even though he elected to claim the standard deduction for regular tax purposes, he is entitled to use the full value of his itemized deductions

when computing AMT, because section 56(b)(1)(F) provides that the section 68 limitation does not apply when determining the amount of AMTI. However, petitioner's argument is based on his narrow interpretation of the Code. Further, petitioner misunderstands the application of section 56(b)(1)(F) and the operation of section 56(b) as a whole.

When interpreting statutes, the function of courts is to construe the language of the statute to give effect to the intent of Congress. Cramer v. Commissioner, 101 T.C. 225, 247 (1993), affd. 64 F.3d 1406 (9th Cir. 1995). Where possible, the words of the statutes should be interpreted in their ordinary everyday sense. Crane v. Commissioner, 331 U.S. 1, 6 (1947). A statute is to be construed so as to give each of its provisions full effect and not to render parts of the statute inoperative or superfluous. Duke v. Univ. of Tex., 663 F.2d 522, 526 (5th Cir. 1981).

Accordingly, section 56(b) should be read in its entirety, as part of a single statutory scheme, and not so as to render part of the statute inoperative. Section 56(b), in pertinent part, provides as follows:

> SEC. 56(b). Adjustments Applicable to Individuals.--
> In determining the amount of the alternative minimum
> taxable income of any taxpayer (other than a
> corporation), the following treatment shall apply (in
> lieu of the treatment applicable for purposes of
> computing the regular tax):
>
> (1) Limitation on deductions.--

(A) In general.--No deduction shall be allowed-

\*       \*       \*       \*       \*       \*       \*

(ii) for any taxes described in paragraph (1), (2), or (3) of section 164(a).

\*       \*       \*       \*       \*       \*       \*

(E) Standard deduction and deduction for personal exemptions not allowed.--The standard deduction under section 63(c), the deduction for personal exemptions under section 151, and the deduction under section 642(b) shall not be allowed.

(F) Section 68 not applicable.--Section 68 shall not apply.

When reviewed in its entirety and given full effect, section 56(b) provides for adjustments for taxpayers who either claimed the standard deduction or elected to itemize deductions for regular tax purposes.  Since AMTI is determined by making adjustments to regular taxable income, the section 56(b)(1) adjustments correspond to items that were used to determine the taxpayer's regular taxable income.  Thus, if the taxpayer claimed the standard deduction for regular tax purposes, section 56(b)(1)(E) requires an adjustment in arriving at AMTI for the standard deduction amount.  Accordingly, if the taxpayer elected to itemize deductions, section 56(b)(1) requires adjustments in arriving at AMTI for certain itemized deductions claimed for regular tax purposes.  Further, if the itemized deductions actually claimed for regular tax purposes were limited pursuant to section 68, section 56(b)(1)(F) requires the taxpayer to

recompute the itemized deductions actually claimed as if the section 68 limitation did not apply.

Nowhere in section 56(b) is there a provision that allows the taxpayer to make AMTI adjustments for itemized deductions when the taxpayer claimed the standard deduction in computing regular taxable income. Nor does section 56(b) specifically allow the taxpayer to limit his AMT liability by choosing between the AMTI adjustments for the standard deduction or itemized deductions for AMT purposes when the taxpayer claimed the standard deduction for regular tax purposes. The Code simply does not allow the taxpayer to pick and choose which section 56(b) adjustments apply in an attempt to get favorable AMT treatment. Once the taxpayer either elects to itemize deductions or claims the standard deduction for regular tax purposes, the taxpayer must make section 56(b) adjustments that directly correspond to the deductions claimed for regular tax purposes.

Specifically addressing petitioner's argument, section 56(b)(1)(F) provides only that the section 68 limitation on itemized deductions shall not apply when computing AMTI. This provision by its terms does not apply to itemized deductions that would have been limited by section 68 had the taxpayer not claimed the standard deduction instead. Rather, section 56(b)(1)(F) simply provides that section 68 shall not apply, so that a taxpayer who elected to itemize deductions for regular tax

purposes must recompute those itemized deductions for AMT
purposes without regard to the section 68 limitation.  For
section 56(b)(1)(F) to apply at all, the taxpayer must have
elected to itemize deductions for regular tax purposes and had
those deductions reduced pursuant to section 68.  Petitioner's
interpretation goes well beyond the limited application of
section 56(b)(1)(F).

To interpret section 56(b)(1)(F) alone without giving full
effect to all the provisions of section 56(b) renders section
56(b)(1)(E) inoperative.  Petitioner's argument is a narrow
interpretation that overlooks section 56(b)(1)(E).  By strictly
isolating section 56(b)(1)(F), petitioner is attempting to change
the meaning of the statute as a whole.  The only way petitioner's
argument would have validity would be if section 56(b) contained
a provision allowing the taxpayer to pick and choose which
adjustments were most favorable to his particular tax situation
or a provision allowing for adjustments for itemized deductions
that were not deducted for regular tax purposes because the
standard deduction was claimed.  However, no such provisions
exist in the Code.  When read as a whole, section 56(b) requires
the taxpayer to make adjustments for AMT purposes in a manner
consistent with decisions made for regular tax purposes.
Accordingly, petitioner's argument that section 56(b)(1)(F)
allows him to compute AMTI using the full value of his otherwise

allowable itemized deductions when he claimed the standard deduction for regular tax purposes is without merit.

We have reviewed respondent's computations of petitioner's AMT for 1999 and find that they comport with the provisions of sections 55 and 56. However, respondent did not include the $578.08 of tax-exempt interest from private activity bonds reported on petitioner's Form 6251 when respondent determined the AMTI amount. Had respondent correctly included this amount, the AMTI would have been increased by $578.08, thereby increasing petitioner's AMT by an additional $150.31. Because respondent did not either include the tax-exempt interest in the AMT computation included in the notice of deficiency or assert a claim for an increased deficiency pursuant to section 6214(a) petitioner is not subject to the additional $150.31 of AMT.

Because petitioner claimed the standard deduction in computing taxable income for regular tax purposes, he is required to use the standard deduction amount when determining AMTI for AMT purposes. Accordingly, petitioner is precluded from using itemized deductions for AMT purposes and is liable for the $439.45 of AMT determined by respondent. Respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.